IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JESUSA LOLITA UNTALAN, an individual, | ) ) | CIVIL NO. 11-00422 SOM/BMK |
| | ) | ORDER GRANTING DEFENDANT |
| Plaintiff, | ) | MORTGAGE ELECTRONIC |
| | ) | REGISTRATION SYSTEMS' MOTION |
| vs. | ) | TO DISMISS COMPLAINT |
| | ) | |
| ALLIANCE BANCORP, a Business | ) | |
| Entity, form unknown; DAVID | ) | |
| MK YUEN AND ASSOCIATES, a | ) | |
| Business Entity, form | ) | |
| unknown; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, a | ) | |
| Business Entity, form | ) | |
| unknown; and DOES 1-100 | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS' MOTION TO DISMISS COMPLAINT

I.      INTRODUCTION.

On June 30, 2011, pro se Plaintiff Jesusa Lolita
Untalan filed this action against Defendants Alliance Bancorp,
David MK Yuen and Associates, and Mortgage Electronic
Registration Systems ("MERS").  Untalan asserts federal and state
law claims arising from a May 8, 2006, mortgage transaction
concerning real property in Ewa Beach, on the island of Oahu.

Untalan used a "form" complaint that this court is very
familiar with.  Certified Forensic Loan Audit of Hawaii and/or
Guidotti appears to have prepared these documents for Untalan to
file with the court on a pro se basis.  The Complaint is nearly

identical to many other complaints that appear to have been prepared by similar companies and/or Richard Guidotti that have been dismissed by this court. Forensic reports prepared by Francha Services, LLC., some written by Guidotti, have accompanied previous complaints filed in this court. <u>See, e.g.</u>, <u>Caniadido v. Countrywide Bank, FSB.</u>, Civ. No. 11-00080, Plaintiff Compl. Ex. A, Feb. 01, 2011, ECF No. 1; <u>Pugal v. America's Servicing Co.</u>, Civ. No. 11-00054, 2011 WL 4435089 (D. Haw. Sept 21, 2011). A different company, Forensic Loan, appears to have prepared Untalan's forensic report. The court notes that Forensic Loan uses the same address as Francha Services and that Guidotti, who worked for Francha Services in other cases, appears to also have prepared Untalan's report. <u>Compare</u> Compl. Ex. A <u>with</u> <u>Caniadido</u>, Plaintiff Compl. Ex. A.

Untalan's Complaint seeks declaratory and injunctive relief, as well as damages and rescission of the mortgage transaction. MERS seeks dismissal of all counts against it pursuant to Rules 12(h)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(h)(3), MERS asserts that Untalan lacks standing to bring her claims and that this court should dismiss those claims for lack of standing. The court has construed MERS's 12(h)(3) Motion as a motion to dismiss pursuant to Rule 12(b)(1). Pursuant to Rule 12(b)(6), MERS asserts that

Untalan fails to state any claims upon which relief may be granted.[1]

For the reasons set forth in this order, the court GRANTS MERS's motion and dismisses the Complaint with leave to amend as set forth in this order. Given obvious pleading defects applicable to all other Defendants, the court also <u>sua sponte</u> dismisses all claims against nonmoving Defendants.

II.     <u>STANDARD OF REVIEW.</u>

A.     <u>Rule 12(b)(1).</u>

While MERS moves pursuant to Rule 12(h)(3), which states that a court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction, the motion appears to more properly fall under Rule 12(b)(1) of the Federal Rules of Civil Procedure, which addresses a motion to dismiss for lack of subject-matter jurisdiction. MERS seeks dismissal based on lack of standing, which is part of subject-matter jurisdiction. <u>See</u> <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000) (stating that standing pertains to a federal court's subject-matter jurisdiction). Dismissal under Rule 12(h)(3) is appropriate when a court dismisses a case <u>sua</u>

---

[1] If Untalan has complaints about what Forensic Loan and/or Guidotti have done or failed to do, she may wish to consider seeking assistance from various government agencies, including but not limited to the State of Hawaii Office of Consumer Protection, reachable by mail at 234 South Beretania Street, Room 801, Honolulu Hawaii, 96813, or by phone at (808) 586-2630.

sponte.  See e.g., Snell v. Cleveland, Inc., 316 F.3d 822, 826
(9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3)
provides that a court may raise the question of subject-matter
jurisdiction, sua sponte, at any time during the pendency of
the action[.]")(citations omitted).

Rule 12(b)(1) provides: "Every defense to a claim for
relief in any pleading must be asserted in the responsive
pleading if one is required.  But a party may assert the
following defenses by motion: (1) lack of subject-matter
jurisdiction[.]"

A motion to dismiss for lack of subject-matter
jurisdiction under Rule 12(b)(1) may either attack the
allegations of the complaint as insufficient to confer subject-
matter jurisdiction upon the court, or attack the existence of
subject-matter jurisdiction in fact.  Safe Air for Everyone v.
Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  When the motion to
dismiss attacks the allegations of the complaint as
insufficient to confer subject-matter jurisdiction--a facial
challenge--all allegations of material fact are taken as true
and construed in the light most favorable to the nonmoving
party.  Fed'n of African Am. Contractors v. City of Oakland, 96
F.3d 1204, 1207 (9th Cir. 1996).  When the motion to dismiss is
a factual attack on subject-matter jurisdiction, however, no
presumption of truth attaches to the plaintiff's allegations,

and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject-matter jurisdiction in fact. <u>Safe Air for Everyone</u>, 373 F.3d at 1039. To the extent MERS challenges Untalan's standing, the court construes MERS's Motion as a factual attack on the court's subject-matter jurisdiction brought under 12(b)(1).

B. <u>Rule 12(b)(6).</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"

On a Rule 12(b)(6) motion to dismiss, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. <u>Marcus v. Holder</u>, 574 F.3d 1182, 1184 (9th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).
"Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." <u>Id.</u>
(citing <u>Twombly</u>, 550 U.S. at 554).

Dismissal under Rule 12(b)(6) may be based on either
(1) the lack of a cognizable legal theory, or (2) insufficient
facts to support a cognizable legal theory. <u>Balistreri v.
Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988)
(citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530,
533-34 (9th Cir. 1984)).

III.    <u>FACTUAL BACKGROUND.</u>

According to the Complaint, Untalan entered into a
loan repayment and security agreement with David MK Yuen and
Associates "on or about May 8, 2006" for a property in Ewa
Beach, Hawaii.  Complaint ¶¶ 1-2, June 30, 2011, ECF No. 1
("Complaint").  Plaintiff alleges that she obtained a 30-year
loan of $294,000.00 with a fixed mortgage rate of 6.99%.  <u>Id.</u>

MERS alleges that Untalan was not the individual who
entered into the loan repayment and security agreement.  Def's.
Mem. in Supp. of Mot. to Dismiss Compl. at 5,  Aug. 09, 2011,
ECF No. 9 ("Motion").  Rather, according to MERS, Cynthia
Untalan Solante entered into the loan repayment and security
agreement.  Def's. Errata to Def's. Mem. in Supp. of Mot. to
Dismiss Compl. Ex. A, Aug. 16, 2011, ECF No. 12.  MERS alleges

that Solante later transferred title of the Ewa Beach property by quitclaim deed to Plaintiff Untalan, Solante, and Ernesto Molina Untalan (Plaintiff's husband). Id. At the hearing on October 3, 2011, Untalan told the court that she was not a party to the loan, and that her daughter had entered into the loan.

Based on the Complaint, it appears that Alliance Bancorp serviced the loan. See Complaint ¶ 21. MERS is alleged to be the "beneficiary for the loan." Id. ¶ 115. The Complaint alleges that "MERS was created to eliminate the need for the executing and recording of assignment of mortgages, with the idea that MERS would be the mortgagee of record." Id. This allegation is basically consistent with the Ninth Circuit's recent explanation of how MERS operates. See Cervantes v. Countrywide Home Loans, __ F.3d __, 2011 WL 3911031 (9th Cir. Sept. 7, 2011). For purposes of this Motion, the court does not rely on the facts set forth in Cervantes, but simply notes the opinion to provide general background.

Untalan asserts, among other things, that (1) the terms of the transaction were not clear and Defendants never explained the transaction to her, id. ¶ 31; (2) the loan was more expensive than alternative financing arrangements she qualified for, id. ¶ 24; and (3) Defendants charged excessive

or illegal fees.  Id. ¶ 33.[2]  The Complaint asserts twelve

separate counts:  (1) Declaratory Relief; (2) Injunctive

Relief; (3) Contractual Breach of Implied Covenant of Good

Faith and Fair Dealing; (4) Violations of the Truth in Lending

Act ("TILA"); (5) Violations of the Real Estate Settlement

Practices Act ("RESPA"); (6) Rescission; (7) Unfair and

Deceptive Acts and Practices ("UDAP"); (8) Breach of Fiduciary

Duty; (9) Unconscionability; (10) Predatory Lending; (11) Quiet

Title; and (12) Lack of Standing (MERS).[3]

On August 9, 2011, MERS filed the present Motion,

seeking dismissal of the Complaint.  See Motion at 1.  Untalan

---

[2] The Complaint often fails to distinguish among Defendants as to
alleged causes of action.  To provide proper notice, any Amended
Complaint should allege necessary facts against specific
Defendants.  It should tie each claim to one or more specific
Defendants and explain how each Defendant is liable.

[3] The Complaint also mentions the Equal Opportunity Credit Act,
Complaint ¶ 13; the "Fair Lending/Fair Debt Collection Act," id.;
the Federal Trade Commission Act, id. ¶ 42, unjust enrichment,
id. ¶ 26, and fraudulent concealment, id. ¶ 79.  Untalan,
however, asserts no claims for relief (i.e., no counts) for those
alleged violations, and therefore fails to state a claim for
those alleged violations. Cf. Bautista v. Los Angeles Cnty., 216
F.3d 837, 840-41 (9th Cir. 2000) ("Courts have required separate
counts where multiple claims are asserted, where they arise out
of separate transactions or occurrences, and where separate
statements will facilitate a clear presentation.") (citations
omitted).  The court further notes that the "fraudulent
concealment" mentioned in paragraph 79 is not pled with the
required specificity.  See Fed. R. Civ. P. 9(b) (requiring a
party asserting fraud to "state with particularity the
circumstances constituting fraud"); Kearns v. Ford Motor Co., 567
F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be
accompanied by the who, what, when, where, and how of the
misconduct charged." (internal quotations omitted)).

8

did not file an Opposition to the Motion, but was given a chance to oppose the Motion orally at the hearing held on October 3, 2011. For the reasons set forth below, the court grants MERS's Motion.

IV.     ANALYSIS.

Untalan has submitted a "form" Complaint that asserts claims that are nearly identical to claims asserted in many other cases filed in this court. See e.g., Pugal, 2011 WL 4435089. The Complaint attaches a "Forensic Audit Report" by Certified Forensic Loan Audit of Hawaii. Other courts in the District of Hawaii have also addressed cases based on "form" complaints with the same or similar claims on many occasions. See, e.g., Caniadido v. MortgageIT, LLC, Civ. No. 11-00078, 2011 WL 3837265 (D. Haw. Aug. 26, 2011); Ramos v. Chase Home Fin., Civ. No. 11-00050, 2011 WL 3793346 (D. Haw. Aug. 25, 2011); Gambing v. OneWest Bank, Civ. No. 11-00021, 2011 WL 2940318 (D. Haw. July 18, 2011); Kelly v. Bank of Am., Civ. No. 11-00026, 2011 WL 2493048 (D. Haw. June 22, 2011); Campollo v. Bank of Am., Civ. No. 11-00052, 2011 WL 2457674 (D. Haw. June 16, 2011); Balagso v. Aurora Loan Servs., LLC, Civ. No. 11-00029, 2011 WL 2133709 (D. Haw. May 26, 2011); Casino v. Bank of Am., Civ. No. 10-00728, 2011 WL 1704100 (D. Haw. May 4, 2011); Asao v. Citi Mortgage, Civ. No. 10-00553 SOM/KSC, ECF No. 50 (D. Haw. Apr. 28, 2011); Badua v. Fremont Inv. & Loan,

9

Civ. No. 10-00580, 2011 WL 1526813 (D. Haw. Apr. 20, 2011);
<u>Hoilien v. Bank of Am.</u>, Civ. No. 10-00712, 2011 WL 976699 (D.
Haw. Mar. 17, 2011); <u>Marzan v. Bank of Am.</u>, Civ. No. 10-00581,
2011 WL 915574 (D. Haw. Mar. 10, 2011); <u>Sakugawa v. Countrywide
Bank F.S.B.</u>, Civ. No. 10-00503, 2011 WL 572528 (D. Haw. Feb.
14, 2011); <u>Gorospe v. Security Natl. Mortgage</u>, Civ. No. 10-
00506, 2011 WL 578844 (D. Haw. Feb. 8, 2011); <u>Mier v. Lordsman
Inc.</u>, Civ. No. 10-00584, 2011 WL 285862 (D. Haw. Jan. 27,
2011); <u>Phillips et al. v. Bank of Am.</u>, Civ. No. 10-00551, 2011
WL 240813 (D. Haw. Jan. 21, 2011); <u>Sakugawa v. Indymac Bank,
FSB</u>, Civ. No. 10-00504, 2011 WL 4909574 (D. Haw. Nov. 24,
2010).  The court draws from those orders.

      A.    Untalan Lacks Standing to Assert Counts I
            through X, and XII.

MERS argues that Untalan lacks standing to assert
claims that arise from the loan repayment and security
agreement for the Ewa Beach property because Untalan is not a
party to the loan.  The court agrees and, pursuant to Rule
12(b)(1), dismisses eleven of Untalan's twelve counts for lack
of subject-matter jurisdiction: Counts I, II, III, IV, V, VI,
VII, VIII, IX, X, and XII.

Article III, section 2, of the United States
Constitution sets forth constitutional limits on the court's
subject-matter jurisdiction; it confines federal courts to
deciding cases or controversies.  No case or controversy exists

when a plaintiff lacks standing to make the claims asserted.

Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).  A

federal court does not have subject-matter jurisdiction over a

suit by a plaintiff who lacks standing.  Id.

As the party invoking federal jurisdiction, Untalan

bears the burden of establishing her standing to sue.  To do

so, she must demonstrate three things: (1) she suffers an

actual or threatened injury; (2) the injury is fairly traceable

to the challenged action; and (3) the injury is likely to be

redressed by a favorable decision.  Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560 (1992).  Untalan does not meet this

burden with respect to claims relating to loan repayment and

the mortgage.

> 1.    Counts III, IV, V, VII, VIII, IX, X, and
>       XII.

Counts III (Contractual Breach of Good Faith), IV

(TILA), V (RESPA), VII (UDAP), VIII (Breach of Fiduciary Duty),

IX (Unconscionability), X (Predatory Lending), and XII (Lack of

Standing) arise directly from the loan repayment and security

agreement.  Untalan alleges that she was injured by the

violations asserted in the above counts.  The injuries she

alleges include, among other things, "the threat of the loss of

her home," ¶ 58, and monetary damages, ¶ 77.

Untalan does not have standing to assert those

claims.  There is no dispute that Untalan did not enter into

11

the loan repayment and security agreement at issue.  Although
the Complaint alleges that Untalan entered into the loan
contract, she admitted at the hearing that she was not a party
to the loan.  Rather, as alleged by MERS in its Motion, Cynthia
Untalan Solante entered into the loan transaction, as
demonstrated by a copy of the loan security agreement that
designates Cynthia Untalan Solante as the "Borrower" and is
signed by Solante.  Motion Ex. A.  Plaintiff Untalan is not
named in the loan security agreement.

Because Plaintiff Untalan was not a party to the loan
repayment and security agreement entered into on May 8, 2006,
Untalan cannot claim that she has suffered any injury arising
out of that transaction.  See, e.g., Thomas v. Guild Mortg.
Co., No. CV 09-2687-PHX-MHM, 2011 WL 676902, at *4 (D.Ariz.
Feb. 23, 2011) ("A homeowner who is not a party to a mortgage
loan cannot assert TILA, RESPA, Home Ownership and Equity
Protection Act, or fraud claims against a lender for improper
disclosures."); Kruso v. Int'l Telephone & Telegraph Corp., 872
F.2d 1416, 1427 (9th Cir. 1989) (holding that the plaintiffs
lacked standing for claims that arose out of the transactions
at issue because the plaintiffs were not parties to those
transactions).  Whatever injuries Untalan may say she has
suffered, she has no standing to allege injury as a result of
Defendants' alleged wrongdoing arising from a loan transaction

Defendants entered into with someone else.  See Kruso, 872 F.2d at 1472 ("The plaintiffs may have suffered financial losses stemming from their participation in the [underlying transactions], but they cannot allege injury to themselves by reason of alleged wrongdoing by defendants in the entering, execution or termination of the underlying agreements to which plaintiffs were not parties.").

Count III asserts a claim for "Contractual Breach of Implied Covenant of Good Faith and Fair Dealing."  It alleges that Defendants "willfully breached their implied covenant of good faith and fair dealing" with regard to the loan transaction.  Complaint ¶ 57.  For instance, Untalan alleges that Defendants "willfully placed Plaintiff in a loan that she did not qualify for".  Id.

Count IV asserts that Defendants David MK Yuen and Associates and Alliance Bancorp violated TILA when the parties entered into the loan repayment and security agreement. Complaint ¶ 62, 63, 65.  Although Count IV is asserted against all Defendants, it is unclear how MERS allegedly violated TILA.

Count V alleges that the loan transaction violated RESPA because Untalan paid "egregious" fees in connection with the loan.  Id. ¶ 74.

Count VII alleges that all Defendants are liable for Unfair and Deceptive Acts and Practices "by consummating an

unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of her home, equity, as well as her past and future investment." Complaint ¶ 86. Count VII suggests that Defendants engaged in various acts of misconduct, including a failure to "undergo a diligent underwriting process for this loan" and "properly adjust and disclose facts and circumstances relating to Plaintiff's mortgage loan." Id. ¶ 84. This Count appears to be brought under section 480-2(a) of the Hawaii Revised Statutes, which states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

Count VIII alleges, without distinguishing among various Defendants, that Defendants owed Untalan a fiduciary duty and breached that duty by their actions regarding the loan transaction--for example, by failing "to advise or notify Plaintiff . . . that Plaintiff would or had a likelihood of defaulting on the loan." Complaint ¶ 89.

Count IX asserts "Unconscionability-UCC-2-3202 (sic 2-302)," and alleges that Defendants engaged in unconscionable behavior (such as deception and unfair bargaining position) when entering into the loan repayment and security agreement. Complaint ¶ 96.

Count X asserts "Predatory Lending" and lists various alleged wrongs (e.g., failure to disclose terms and conditions

14

or material facts, targeting of unsophisticated persons, unfair loan terms, and improper underwriting) that form the bases of other causes of action. Complaint ¶¶ 99-108.

Finally, Count XII asserts that the "[a]ssignment of the loan in the name MERS" was "illegal," Complaint ¶ 117, and that MERS has no standing to foreclose on the loan. Id. ¶ 120. As stated above in the factual background, MERS is named the "beneficiary" of Untalan's loan. Id. ¶ 115.

The above claims rest on Defendants' alleged misconduct in entering into or administering the loan to which Untalan was not a party. Accordingly, Untalan lacks standing to assert Counts III, IV, V, VII, VIII, IX, X, and XII, which are DISMISSED with prejudice with respect to Untalan. With prejudice, however, does not mean that another plaintiff would not have standing to assert those claims. Although only MERS has moved to dismiss, the court dismisses Counts III, IV, V, VII, VIII, IX, X, and XII as to all Defendants because Untalan cannot prevail on those counts as to any Defendant. See Omar v. Sea-Land Serv. Inc., 813 F.2d 986, 991 (9th Cir. 1987) (stating that a "trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

## 2. Count I (Declaratory Relief).

Count I (Declaratory Relief) is also dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Count I appears to seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.[4] Count I alleges that "[a]n actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property[.]" Complaint ¶ 45. Untalan asks the court to declare that "the purported power of sale contained in the Loan [is] of no force and effect at this time" because of "numerous violations of State and Federal laws designed to protect borrowers[.]" Id. ¶ 46. Untalan states: "As a result of Defendants' actions, Plaintiff has suffered damages . . . and seeks declaratory relief that Defendants' purported power of sale is void and has no force or effect[.]" Id. ¶ 47.

---

[4] The Declaratory Judgment Act provides in pertinent part:

> a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Untalan does not have standing to pursue her declaratory relief claim. Claims for declaratory relief brought under the Declaratory Judgment Act must also meet the standing requirements set forth in Article III of the Constitution. Gov. Employees Ins. Co. v. Dizol, 133 F.3d 1220, (9th Cir. 1998) ("A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution."). Untalan's declaratory relief claim rests on her allegation that she was injured by Defendants' misconduct when she entered into the loan repayment and security agreement. However, as discussed above, Untalan did not enter into the loan transaction. She therefore does not have standing to assert claims arising from that transaction. The reasons that prevent the court from invoking jurisdiction over Untalan's substantive claims arising from the loan transaction extend to Untalan's declaratory relief claim. Accordingly, this court DISMISSES Count I with prejudice as to Untalan. Count I is also dismissed as to all Defendants. See Omar, 813 F.2d at 991.

>          3.    Count II (Injunctive Relief) and Count VI
>                (Rescission).

Untalan similarly lacks standing to assert Count II (Injunctive Relief) and Count VI (Rescission). Count II is a claim for "injunctive relief." Untalan asserts that

Defendants' "wrongful conduct" has caused Untalan "great and
irreparable injury in that real property is unique." Complaint
¶ 50. Count II asks that Defendants be "enjoined by an order
of the court." Complaint ¶ 51. Count VI (Rescission) asserts
that "Plaintiffs are entitled to rescind the loan for all of
the foregoing reasons: 1) TILA Violations; 2) RESPA;
3) Fraudulent Concealment; 4) Deceptive Acts and Practices
(UDAP) and 5) Public Policy Grounds, each of which provides
independent grounds for relief." Complaint ¶ 79.

Untalan does not have standing to bring these counts
because they are remedies dependent on Defendants' alleged
misconduct involving the loan transaction. Untalan has not
pled a cognizable injury that would allow the court to provide
injunctive relief or rescission. Untalan is not entitled to
enjoin enforcement of the loan repayment and security agreement
because she was not a party to that agreement. Likewise,
Untalan is not entitled to seek rescission of a contract that
she did not enter into.

Count II and Count VI are DISMISSED with prejudice as
to Untalan. The dismissal extends to all Defendants. See
Omar, 813 F.2d at 991. In dismissing Counts II and VI, the
court is not recognizing that "Injunctive Relief" and
"Rescission" are valid independent causes of action, but is
merely holding that Untalan has not suffered a cognizable

injury that confers standing to assert those counts.

>            B.    Count XI (Quiet Title) Fails to State a Claim
>                  Upon Which Relief Can Be Granted.

Count XI alleges that "Defendants have no legal or equitable right, claim, or interest in the Property," Complaint ¶ 111. Count XI also seeks a declaration that "the title to the Subject Property is vested in Plaintiff's alone[.]" Id. ¶ 112.

Untalan appears to be making a claim under section 669-1(a) of the Hawaii Revised Statutes. Section 669-1(a) provides that a quiet title "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."

Unlike Untalan's other Counts, Untalan has standing to assert a quiet title claim because she claims an interest in the property that is independent of the loan transaction. Untalan appears to have acquired an interest in the Ewa Beach property when Cynthia Untalan Solante transferred a fifty percent interest in the property to Plaintiff Untalan and her husband, Ernesto Molina Untalan. See Motion Ex. B.

Untalan, however, does not state a cognizable claim for quiet title. She has not alleged sufficient facts regarding the interests of various parties to constitute a cognizable claim under Rule 12(b)(6). See Twombly, 550 U.S. at

570. Instead, Untalan merely alleges the elements of section 669-1 without stating a claim. See Iqbal, 129 S. Ct. at 1949 (stating that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient).

Accordingly, Count XI is DISMISSED with leave to amend as to all Defendants.

V.      CONCLUSION.

For the foregoing reasons, the Motion is GRANTED, and the Complaint is DISMISSED with leave to amend. No later than November 14, 2011, Untalan may file an Amended Complaint that attempts to cure the identified deficiencies. Although Untalan may proceed pro se, the court encourages her to obtain an attorney to represent her.

If Untalan chooses to file an Amended Complaint asserting wrongdoing in the loan transaction, the named plaintiff should be a party to the loan transaction. In addition, the Amended Complaint must clearly state how each named Defendant injured that plaintiff. In other words, the Amended Complaint should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief. The Amended Complaint should not include facts that are not directly relevant to claims. Failure to file an Amended Complaint by

20

November 14, 2011, will result in the automatic dismissal of this action as to all Defendants.

Untalan is also notified that an Amended Complaint supersedes the prior Complaint and must be complete in itself, without incorporating by reference any prior or superseded pleading. See, e.g., King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Any Amended Complaint must stand on its own. In addition, it may not reassert a claim against a Defendant that the court has dismissed without leave to amend as to that particular Defendant.

Untalan is further reminded that any Opposition to a Defendant's motion is due 21 days before the hearing for that motion. See Local Rule 7.4 ("An opposition to a motion set for hearing shall be served and filed not less than twenty-one (21) days prior to the date of hearing."). Notwithstanding Untalan's failure to file an Opposition to MERS's motion to dismiss, the court is granting her leave to amend her Complaint. However, if a written Opposition to any subsequent motion is not filed, the court may assume the motion is unopposed and grant the motion.

The conference previously scheduled for November 4, 2011, is rescheduled to November 18, 2011, at 9:30 a.m., before Magistrate Judge Barry M. Kurren.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 04, 2011.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Untalan v. Alliance Bancorp, Civ. No. 11-00422 SOM/BMK; ORDER GRANTING DEFENDANT
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION TO DISMISS COMPLAINT